No. 2023-1265

———————————————————————

IN THE UNITED STATES COURT OF APPEALS
FOR THE FEDERAL CIRCUIT

———————————————————————

KATHLYN M. STEIN,
Plaintiff-Appellant,

v.

DUANE B. GILL, Director, VA Central Western
MA Health Care System, in his official capacity,
Defendant-Appellee.

———————————————————————

Appeal from the United States District Court for the District of Massachusetts,
Case No. 2:19-cv-10614-SSV-DPC, Judge Sarah S. Vance

———————————————————————

**RESPONSE BRIEF FOR DEFENDANT-APPELLEES AND APPENDIX**

> BRIAN M. BOYNTON
> Principal Deputy Assistant Attorney General
>
> PATRICIA M. McCARTHY
> Director
>
> REGINALD T. BLADES, JR.
> Assistant Director
>
> STEVEN MICHAEL MAGER
> Senior Trial Counsel
> Civil Division, National Courts
> U.S. Department of Justice
> Ben Franklin Station
> Washington, DC 20044

February 21, 2023          Attorneys for Defendant-Appellee

# TABLE OF CONTENTS

TABLE OF CONTENTS ........................................................... i

TABLE OF AUTHORITIES ..................................................... iii

STATEMENT OF RELATED CASES ..................................... 1

JURISDICTIONAL STATEMENT ........................................... 1

STATEMENT OF THE ISSUE ................................................. 2

STATEMENT OF THE CASE ................................................. 3

    I.    Nature Of The Case ............................................... 3

    II.   Statement Of Facts And Course Of Proceedings Below ..................... 3

SUMMARY OF THE ARGUMENT ....................................... 8

ARGUMENT ........................................................................ 10

    1.    Standard Of Review ............................................. 10

    II.   The Fair Labor Standards Act And Equal Pay Act ........................... 10

    III.  The Tucker Act Is Unavailable As A Source Of Jurisdiction Because The EPA Includes A Complete Remedial Scheme That Does Not Implicate The Cap-Filling Purpose Of The Tucker Act .... 11

        A.    *Bormes* Establishes That A Statute That Provides A Complete Remedial Scheme Leaves No Gap For The Tucker Act To Fill ................................................ 13

        B.    In *Abbey*, This Court Mistakenly Limited *Bormes* To Remedial Schemes That Name A Specific Court As The Appropriate Forum ..................................... 15

C.    In *Metzinger*, This Court Mistakenly Compounded Its Errors In *Abbey* By Holding That The Court Of Federal Claims Has Exclusive Jurisdiction Over FLSA Claims Against The Federal Government In Excess Of $10,000 .......................................... 20

IV.    The District Court Had Federal Question Jurisdiction Over Ms. Stein's EPA Claim ................................................................. 27

V.    This Court May Not Review Appellant's Challenge To The District Court's Non-Controlling Assessment Of Whether Plaintiff Would Have Failed To State A Claim ........................................................ 28

CONCLUSION ...................................................................... 30

# TABLE OF AUTHORITIES

## CASES

*Abbey v. United States*,
    745 F.3d 1363 (Fed. Cir. 2014) .................................................................. passim

*Aldinger v. Howard*,
    427 U.S. 1 (1976) ....................................................................................29

*Arbaugh v. Y&H Corp.*,
    546 U.S. 500 (2006) ................................................................................29

*Bormes v. United States*,
    626 F.3d 574 (Fed. Cir. 2010) ...............................................................13

*Bowen v. Massachusetts*,
    487 U.S. 879 (1988) ................................................................................26

*Breuer v. Jim's Concrete of Brevard, Inc.*,
    538 U.S. 691 (2003) ................................................................................24

*California v. Rooney*,
    483 U.S. 307 (1987) ................................................................................29

*Chathas v. Loc. 134 Int'l Bhd. of Elec. Workers*,
    233 F.3d 508 (7th Cir. 2000) ..................................................................29

*Horne v. Dep't of Agric.*,
    569 U.S. 513 (2013) ................................................................................18

*Lightfoot v. Cendant Mortg. Corp.*,
    137 S. Ct. 553 (2017) ..............................................................................24

*Maine Community Health Options v. United States,*
    140 S. Ct. 1308 (2020) ............................................................................18

*Metzinger v. Dep't of Veterans Affairs*,
    20 F.4th 778 (Fed. Cir. 2021) ........................................................ passim

*Nichols v. United States*,
  7 Wall. 122 (1869) ........................................................................26

*Power Integrations, Inc. v. Semiconductor Components Indus., LLC*,
  926 F.3d 1306 (Fed. Cir. 2019) ...................................................10

*Souders v. S.C. Pub. Serv. Auth.*,
  497 F.3d 1303 (Fed. Cir. 2007) ....................................................10

*Spooner v. EEN, Inc.*,
  644 F.3d 62 (1st Cir. 2011) ............................................................6

*Tesco Corp. v. Nat'l Oilwell Varco, L.P.*,
  804 F.3d 1367 (Fed. Cir. 2015) ....................................................28

*United States v. Bormes*,
  568 U.S. 6 (2012) .................................................................. passim

*United States v. Fausto*,
  484 U.S. 439 (1988) .....................................................................18

*United States v. Gonzales*,
  520 U.S. 1 (1997) .........................................................................23

*United States v. White Mountain Apache Tribe*,
  537 U.S. 465 (2003) .....................................................................13

*Zumerling v. Devine*,
  769 F.2d 745 (Fed. Cir. 1985) ......................................................18

### UNITED STATES CODE PROVISIONS

15 U.S.C. § 1681(n)(a)(3) ...................................................................19

15 U.S.C. § 1681n ...............................................................................19

15 U.S.C. § 1681o ...............................................................................19

15 U.S.C. § 1681p .......................................................... 15, 16, 17, 19

28 U.S.C. § 1291 ........................................................................................29

28 U.S.C. § 1292(d)(4)(A) ............................................................ 2, 7, 10, 29

28 U.S.C. § 1295 ........................................................................................29

28 U.S.C. § 1295(a)(2) ...............................................................................13

28 U.S.C. § 1331 ................................................................................. passim

28 U.S.C. § 1346(a)(2) ...............................................................................12

28 U.S.C. § 1491(a) ............................................................................. 11, 12

28 U.S.C. § 1631 ................................................................................. passim

28 U.S.C. § 2501 ........................................................................................19

29 U.S.C. § 201 .................................................................................. 2, 8, 10

29 U.S.C. § 203(d) ............................................................................... 10, 19

29 U.S.C. § 203(e)(2) ............................................................................. 8, 16

29 U.S.C. § 203(x) .......................................................................... 10, 19, 25

29 U.S.C. § 206(d) ................................................................................. 2, 10

29 U.S.C. § 216 ..........................................................................................17

29 U.S.C. § 216(b) .............................................................................. passim

29 U.S.C. § 255 ..........................................................................................17

29 U.S.C. § 255(a) ............................................................................... 11, 19

## STATUTES

Pub.L. No. 93–259 § 6(a), 88 Stat. 55 (1974)...........................................................25

## RULES

Federal Circuit Rule 47.5 .......................................................................... 1

Fed. R. App. P. 42(b) ...............................................................................7

Fed. R. Civ. P. 12(b)(6)................................................................. 6, 28, 29

## OTHER AUTHORITIES

Webster's Third New International Dictionary 97 (1997) ...................................... 23

IN THE UNITED STATES COURT OF APPEALS
FOR THE FEDERAL CIRCUIT

| | | |
|---|---|---|
| KATHLYN M. STEIN, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | No. 2023-1265 |
| | ) | |
| DUANE B. GILL, Director, VA Central Western | ) | |
| MA Health Care System, in his official capacity, | ) | |
| | ) | |
| Defendant-Appellee. | ) | |

---

**RESPONSE BRIEF FOR DEFENDANT-APPELLEE**

---

## STATEMENT OF RELATED CASES

Pursuant to Rule 47.5, counsel for defendant-appellee, the United States, states that he is unaware of this action previously appearing before this Court under the same or similar title and is unaware of any case pending in this or any other court that may directly affect this Court's decision in this appeal, although there is a matter pending before the United States Court of Appeals for the Ninth Circuit, *Nguyen v. DeJoy*, Docket No. 21-17059, which involves a similar jurisdictional question and could be indirectly affected by this Court's decision.

## JURISDICTIONAL STATEMENT

Ms. Stein appeals the district court's order transferring her case to the United States Court of Federal Claims pursuant to 28 U.S.C. § 1631. This court possesses

exclusive jurisdiction to entertain an appeal from a district court's order to transfer

a case under 28 U.S.C. § 1631 to the Court of Federal Claims.  28 U.S.C.

§ 1292(d)(4)(A).

This Court, however, does not possess jurisdiction to review the district

court's statement that Ms. Stein failed to state a claim upon which relief may be

granted.  If the Court were to determine that transfer to the Court of Federal Claims

was appropriate because the district court did not possess jurisdiction to entertain

Ms. Stein's suit in the first instance, any challenge to the finding that the complaint

fails to state a claim would be moot.  And if the Court determines that the transfer

was improper, any appeal from the district court's finding as to the sufficiency of

the complaint would be to the United States Court of Appeals for the First Circuit.

## STATEMENT OF THE ISSUE

Whether the district court incorrectly determined that it did not possess

jurisdiction to entertain Ms. Stein's official-capacity Equal Pay Act (EPA), 29

U.S.C. § 206(d) *et seq*. (codified as part of the Fair Labor Standards Act (FLSA),

*id*. § 201 et seq.), claims against the Department of Veterans Affairs and Veterans

Health Administration (VA).

## STATEMENT OF THE CASE

### I.    Nature Of The Case

Ms. Stein appeals the decision of the United States District Court for the District of Massachusetts, dismissing for lack of jurisdiction her EPA claim against the VA and transferring her complaint, pursuant to 28 U.S.C. § 1631, to the United States Court of Federal Claims.  Appx1-4, Appx22.  The district court determined that the Court of Federal Claims possesses exclusive jurisdiction, under the Tucker Act, over Ms. Stein's claim.  *Id.*

### II.    Statement of Facts and Course of Proceedings Below

In 2018, appellant Kathlyn Stein filed suit against the then-Director of the Department of Veterans Affairs Central Western Massachusetts Healthcare System, John Collins (in both his official and individual capacities), in the United States District Court for the District of Massachusetts.  Appx24-30.  In her complaint, Ms. Stein alleges that she was a physician's assistant in the VA's Central Western Massachusetts Healthcare System.  Appx25.  Ms. Stein contends that, from 2016 through 2018, the VA paid two male nurse practitioners more than her even though they performed jobs of equal skill, effort, and responsibility under similar working conditions.  Appx26-27.  Ms. Stein further alleges that this conduct violated the EPA and state law.  Appx28-29.

3

The Government initially moved to dismiss the complaint, asserting that the district court did not possess subject-matter jurisdiction and that the complaint fails to state a claim upon which relief may be granted.  *See* Appx6.  On February 12, 2020, the district court agreed with the Government and dismissed the complaint in its entirety.  Appx5-14.  The court held that it lacked jurisdiction over Ms. Stein's official-capacity EPA claim, agreeing with the Government's argument that the Court of Federal Claims possesses exclusive jurisdiction over FLSA claims against the Government that exceed $10,000.  Appx8-11.  The court further dismissed Ms. Stein's individual-capacity EPA claim without prejudice because the complaint fails to state a claim, Appx11-14, and dismissed the state law claims with prejudice based on the Government's immunity to suit under state law.  *Id*.

After judgment, Ms. Stein filed motions to alter or to amend the judgment and to amend her complaint.  *See* Appx18, Appx32.  The district court granted the motion to amend the judgment in part, explaining that in its decision the court had "relied heavily" on this Court's decision in *Abbey v. United States*, 745 F.3d 1363 (Fed. Cir. 2014), "but incorrectly identified it as a decision of the First Circuit that is binding on this court."  Appx33.  The court explained that "this error does not undermine . . . the court's ultimate conclusion that it lacks subject matter jurisdiction," *id.*, and the court issued a corrected opinion.  Appx36.  The court otherwise denied Ms. Stein's post-judgment motions.  *Id*.

4

Ms. Stein appealed the district court's decision to the United States Court of Appeals for the First Circuit. *See* Appx20, Appx37-41. As relevant to this current appeal, Ms. Stein argued that the district court erred in concluding that it lacked subject-matter jurisdiction over her official-capacity EPA claim. The Government initially argued that the district court's conclusion was correct. *See* Appx56.

On June 4, 2021, the First Circuit summarily affirmed the district court's judgment. Appx42-43. The *per curiam* opinion explained that, "[a]fter careful review of the arguments [Ms.] Stein raises in her opening brief, we discern no availing challenge to the district court's rulings." Appx42.

Ms. Stein filed a petition for rehearing *en banc*, contending that the Government's argument that the district court lacked jurisdiction over claims brought under the EPA was inconsistent with the position taken by the Government in a then-pending case being heard by this Court in *Metzinger v. Department. of Veterans Affairs*, Docket No. 20-1906.[1] Appx44-53. The First Circuit granted the Government leave to respond to Ms. Stein's petition. *See* Appx41. In its response, after consultation with the relevant Government components, the Government admitted that its prior position regarding jurisdiction had been incorrect and requested that the First Circuit hold that Federal district courts have subject-matter jurisdiction to hear FLSA claims against the

---

[1] *Metzinger* was decided by this Court on December 14, 2021. *See Metzinger v. Dep't of Veterans Affairs*, 20 F.4th 778 (Fed. Cir. 2021).

5

Government, without regard to the amount in controversy, and to remand for further proceedings on Ms. Stein's official-capacity EPA claim.  Appx54-57.

On October 12, 2021, the First Circuit held that, while the remainder of the court's prior judgment stood unchanged, it would modify its prior judgment with regard to the official-capacity EPA claim and vacate and remand as to that claim. The court expressed no opinion as to the appropriate outcome on remand, including as to any implicated jurisdictional issue or the merits.  Appx58-59.

On remand, pursuant to Fed. R. Civ. P. 12(b)(6) (failure to state a claim), the Government moved to dismiss Ms Stein's official-capacity EPA claim, her sole surviving claim.  *See* Appx2.  Consistent with the Government's revised position before the First Circuit, the Government did not seek dismissal or contend that the district court lacked subject matter jurisdiction over the official-capacity EPA claim.  *See id.*

On July 1, 2022, the district court held that it did not possess jurisdiction to entertain Ms. Stein's EPA claim.  Appx1-4.  More specifically, after observing that neither party had raised or briefed the question of subject matter jurisdiction on remand, the district court provided that the court possessed "an independent obligation to 'notice, and act upon, defects in its subject matter jurisdiction sua sponte.'"  Appx3 (quoting *Spooner v. EEN, Inc.*, 644 F.3d 62, 67 (1st Cir. 2011)). Relying solely upon this Court's decisions in *Abbey v. United States,* 745 F.3d

6

1363 (Fed. Cir. 2014), and *Metzinger v. Department of Veterans Affairs*, 20 F.4th

778 (Fed. Cir. 2021), the district court held that it lacked subject-matter jurisdiction

over Ms. Stein's official-capacity EPA claim.[2]  Appx3.  In the alternative, the court

held that, if it had subject-matter jurisdiction, it would have dismissed Ms. Stein's

official-capacity EPA claim because the complaint fails to state a claim.  Appx3-4.

On July 20, 2022, Ms. Stein appealed the district court's orders to the First

Circuit.  *See* Appx23.  On August 24, 2022, the First Circuit issued an order to

show cause, requiring that Ms. Stein either move for voluntary dismissal of the

appeal pursuant to Fed. R. App. P. 42(b), or to show cause why her appeal should

not be dismissed for lack of jurisdiction.  Appx63-64.  Ms. Stein responded on

August 30, 2022.  *See* Appx62.

On December 8, 2022, the First Circuit determined that Ms. Stein failed to

meet her burden of demonstrating that it possessed jurisdiction to entertain her

appeal.  Nevertheless, the First Circuit determined, *sua sponte*, that transfer of her

appeal to this Court was "in the interest of justice."  Appx65 (citing 28 U.S.C.

§ 1631 (transfer provision); 28 U.S.C. § 1292(d)(4)(A) ("[t]he United States Court

of Appeals for the Federal Circuit shall have exclusive jurisdiction of an appeal

---

[2] Because Ms. Stein had not requested a transfer to the Court of Federal Claims, the district court initially held that it would dismiss this claim.  Appx3. However, on July 12, 2022, after Ms. Stein filed a motion to alter or amend the judgment, the court reopened the case and ordered that Ms. Stein's complaint be transferred to the Court of Federal Claims.  Appx22.

from an interlocutory order of a district court of the United States . . . granting or

denying, in whole or in part, a motion to transfer an action to the United States

Court of Federal Claims under section 1631 of this title.").

The current appeal follows that transfer.

**SUMMARY OF THE ARGUMENT**

Notwithstanding this Court's precedential decisions in *Abbey v. United

States*, 745 F.3d 1363 (Fed. Cir. 2014), and *Metzinger v. Department of Veterans

Affairs*, 20 F.4th 778 (Fed. Cir. 2021), we agree with Ms. Stein that the United

States District Court for the District of Massachusetts erred when it concluded that

it does not possess jurisdiction to entertain her EPA challenge and that the United

States Court of Federal Claims possesses exclusive jurisdiction over Ms. Stein's

EPA claim.  The EPA, as part of the Fair Labor Standards Act (FLSA), 29 U.S.C.

§ 201, *et seq.*, supplies the necessary waiver of sovereign immunity and designates

the appropriate judicial forum, "any Federal or State court of competent

jurisdiction," 29 U.S.C. § 216(b), for any claim under its provisions, including

claims against the Government.  *See* 29 U.S.C. § 203(e)(2).  Pursuant to the

instructions provided in *United States v. Bormes*, because the EPA provides a

comprehensive remedial scheme and identifies the appropriate forum for relief, the

Tucker Act is unavailable as a source of jurisdiction because the gap-filling

purpose of the Tucker Act is not implicated and the district court possesses

8

jurisdiction as a Federal court of competent jurisdiction. *United States v. Bormes*, 568 U.S. 6 (2012).

The EPA's general designation of Federal courts of competent jurisdiction as appropriate fora for claims grants jurisdiction to the United States district courts. Federal district courts regularly exercise jurisdiction over FLSA and EPA claims pursuant to Federal question jurisdiction under 28 U.S.C. § 1331, which provides original jurisdiction to the district courts over cases arising under a Federal law, such as the EPA. The "gap-filling" jurisdictional grant of the Tucker Act is not implicated when the substantive statute grants jurisdiction to identified fora, including any Federal court of competent jurisdiction, and the Tucker Act is thus unavailable as a source of jurisdiction for claims arising under that substantive statute. *Bormes*, 568 U.S. at 12.

For these reasons, the district court erred when it concluded that it did not possess jurisdiction and transferred this case to the Court of Federal Claims. The district court relied upon 28 U.S.C. § 1631, which provides for the discretionary transfer of a case subject to dismissal for "want of jurisdiction" to a court with jurisdiction. There was, however, no "want of jurisdiction." The district court had jurisdiction over Ms. Stein's EPA claim. Therefore, it lacked a basis to transfer the case pursuant to 28 U.S.C. § 1631.

**ARGUMENT**

## I.    STANDARD OF REVIEW

Under 28 U.S.C. § 1292(d)(4)(A), this Court has exclusive jurisdiction over this appeal of the transfer from the district court to the Court of Federal Claims. 28 U.S.C. § 1292(d)(4)(A) (providing, in relevant part, that this Court "[has] exclusive jurisdiction of an appeal from an interlocutory order of a district court of the United States . . . granting or denying, in whole or in part, a motion to transfer an action to the . . . Court of Federal Claims"). The Court reviews such transfer orders *de novo*. *Souders v. S.C. Pub. Serv. Auth.*, 497 F.3d 1303, 1307 (Fed. Cir. 2007). The Court reviews *de novo* issues of statutory interpretation. *Power Integrations, Inc. v. Semiconductor Components Indus., LLC*, 926 F.3d 1306, 1313 (Fed. Cir. 2019).

## II.    THE FAIR LABOR STANDARDS ACT AND EQUAL PAY ACT

The EPA, 29 U.S.C. § 206(d), is part of the FLSA, 29 U.S.C. § 201 *et seq*. The EPA generally prohibits discrimination in the payment of wages "on the basis of sex." 29 U.S.C. § 206(d)(1). The FLSA includes a remedial provision that imposes civil liability upon "any employer" for noncompliance with its requirements. *Id.* § 216(b). The FLSA defines "employer" to include a "public agency" including "the Government of the United States." *Id*. §§ 203(d), (x). The FLSA provides for the recovery of unpaid minimum wages or overtime

10

compensation, as the case may be, and an additional equal amount as liquidated damages. *Id*. § 216(b). It further provides that "[a]n action to recover the liability prescribed in either of the preceding sentences may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees . . . ." *Id*. A separate subsection provides for a two-year statute of limitations, except when the violation is willful, in which case the statute of limitations is three years. *Id*. § 255(a).

## III.   THE TUCKER ACT IS UNAVAILABLE AS A SOURCE OF JURISDICTION BECAUSE THE EPA INCLUDES A COMPLETE REMEDIAL SCHEME THAT DOES NOT IMPLICATE THE GAP-FILLING PURPOSE OF THE TUCKER ACT

The district court's decision to transfer Ms. Stein's EPA case because the court concluded that it lacks jurisdiction rests upon this Court's decisions in *Abbey v. United States*, 745 F.3d 1363 (Fed. Cir. 2014), and *Metzinger v. Department of Veterans Affairs*, 20 F.4th 778 (Fed. Cir. 2021). In *Abbey*, this Court held that the "fairest reading" of the language of FLSA, which provides that "[a]n action to recover . . . may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction," is that suits for monetary damages against the Government under the FLSA may be heard in the Court of Federal Claims pursuant to the Tucker Act, 28 U.S.C. § 1491(a). In *Metzinger*, this Court more squarely held that Tucker Act jurisdiction of the Court of Federal

11

Claims is *exclusive* for EPA and FLSA claims against the United States exceeding $10,000, based upon the reasoning in *Abbey*.

Consistent with these decisions, the district court determined that only the Tucker Act or the Little Tucker Act provide a jurisdictional basis for a court to consider a claim for money damages against the Government when a forum has not been otherwise explicitly designated by the relevant statute. Appx10. The Tucker Act confers jurisdiction upon the Court of Federal Claims for monetary suits against the United States. 28 U.S.C. § 1491(a). The Little Tucker Act confers concurrent jurisdiction to the district courts for any such claim seeking less than $10,000 in damages. 28 U.S.C. § 1346(a)(2). Because Ms. Stein sought more than $10,000 in damages, the district court determined that "the Tucker Act grants the Court of Federal Claims, rather than this court, jurisdiction to decide [Ms. Stein's] official capacity claims." Appx10; *see also* Appx2-3.

As set forth below, we respectfully disagree with this Court's reasoning in *Abbey* and *Metzinger*. This Court failed to follow the Supreme Court's reasoning in *United States v. Bormes*, 568 U.S. 6 (2012), by focusing upon whether Congress intended to *displace* the Tucker Act, rather than considering whether there is a *gap* in the FLSA that must be filled by the Tucker Act. Further, this Court's decision ignores the broad language used by Congress in the FLSA and turns the phrase "any Federal or State court of competent jurisdiction," into a restrictive, rather than

12

an expansive, provision.  This produces the anomalous result that district courts are a "court of competent jurisdiction" for FLSA claims against non-Federal employers regardless of the amount but are not a "court of competent jurisdiction" for claims against the Federal Government for more than $10,000.

A.  ***Bormes* Establishes That A Statute That Provides A Complete Remedial Scheme Leaves No Gap For The Tucker Act To Fill**

In *Bormes*, the Supreme Court considered whether the district courts, or the Court of Federal Claims, possessed jurisdiction over a FCRA claim against the Government for less than $10,000 in damages.  568 U.S. at 8.  The plaintiff in *Bormes* alleged jurisdiction in the district court based on the Little Tucker Act. The district court dismissed the case, after concluding that the FCRA lacked an explicit waiver of sovereign immunity.  *Id.* at 9.  The plaintiff appealed to this Court under 28 U.S.C. § 1295(a)(2).  This Court reversed.

This Court used the "fair interpretation rule," as defined in *White Mountain Apache Tribe*, to determine that the FCRA could be fairly interpreted to mandate compensation by the Government for damages because the Act's remedial scheme allowed for damages from any person who willfully violates its terms, and defines "person" to include any "government."  *Bormes v. United States*, 626 F.3d 574, 578 (Fed. Cir. 2010) (citing *United States v. White Mountain Apache Tribe*, 537 U.S. 465, 472 (2003)); *see also Bormes*, 568 U.S. at 9.  Without deciding whether FCRA itself contained a waiver of sovereign immunity, this Court held that the

13

"fair interpretation rule" brought the claim within the jurisdictional bounds of the Little Tucker Act for claims under $10,000.  *See Bormes,* 568 U.S. at 9.

The Supreme Court rejected this Court's application of the "fair interpretation rule" and its interpretation of the role of the Little Tucker Act, or the Tucker Act, when a statutory provision includes its own remedial scheme. *Bormes*, 568 U.S. at 16.  The Supreme Court explains that the "fair interpretation rule" applies only to determine whether "the failure to perform an obligation undoubtedly imposed on the Federal Government creates a right to monetary relief," when the statute imposes an obligation but does not define a cause of action.  *Id.* at 16.  The rule does not apply when the statute sets forth a complete remedial scheme providing for judicial remedy against the Government, as is the case with the FCRA.  *Id.*

Examining the applicability of the Tucker Act or Little Tucker Act to FCRA claims, the Court began with a review of their purpose.  *Id.* at 11-13.  The Court observes that the history of the Tucker Act demonstrates that it was intended to fill the sovereign immunity and jurisdictional gap when the breach of an obligation that imposes monetary damages is not otherwise enforceable against the United States.  "The Tucker Act's jurisdictional grant, and accompanying immunity waiver, supplied the missing ingredient for an action against the United States for the breach of monetary obligations not otherwise judicially enforceable."  *Id.* at 12.

This finding exhibits two significant features.  First, it links together the jurisdictional grant and the "accompanying immunity waiver" in the fulfillment of the Tucker Act's gap-filling purpose.  That is, the Tucker Act is intended to provide both a waiver of sovereign immunity and jurisdiction in the Court of Federal Claims.  Second, the gap-filling function is implicated only when both gaps are present, that is, when the monetary obligation "is not otherwise judicially enforceable."  If statutory provisions already exist to allow a party to enforce the obligation against the United States, then the Tucker Act is not applicable.  "The Tucker Act is displaced, however, when a law assertedly imposing monetary liability on the United States contains its own judicial remedies."  *Id.*

In *Bormes*, the Court determined that the FCRA defined its own remedial scheme and avenues for judicial remedy, identifying the "appropriate district court," or "any other court of competent jurisdiction" as appropriate venues.  *Id.*; *see also* 15 U.S.C. § 1681p.  Accordingly, there was no gap for the Tucker Act to fill; and by extension, there was no basis for the Court of Federal Claims to exercise Tucker Act jurisdiction over FCRA claims against the United States.  *Id.* at 15-16.

**B.** **In *Abbey*, This Court Mistakenly Limited *Bormes* To Remedial Schemes That Name A Specific Court As The Appropriate Forum**

In *Abbey* this Court declined to extend the reasoning in *Bormes* to the FLSA. There is, however, no question that the FLSA, including the EPA, which resides

15

within the FLSA, explicitly provides for causes of action and monetary damages against the United States. *See, e.g.*, 29 U.S.C. § 203(e)(2) (identifying Federal agencies and other Federal entities as appropriate parties). There also can be no question that the FLSA designates an avenue for judicial remedy through "any Federal or State court of competent jurisdiction." *See* 29 U.S.C. § 216(b). Nevertheless, the Court focused on the fact that the FCRA identifies the venue for judicial remedy to be "any appropriate United States district court, without regard to amount in controversy, or in any other court of competent jurisdiction," 15 U.S.C. § 1681p, whereas the FLSA identifies "any Federal or State court of competent jurisdiction." *Abbey*, 745 F.3d at 1370.

The Court designated the appearance of the words "district court" in the FCRA, but not in the FLSA, as indicating that the Tucker Act was not displaced by the FLSA. *Id.* "The crucial language—'any Federal or State court of competent jurisdiction'—does not specify a forum that is contrary to that specified by the Tucker Act." *Id.* Thus, the Court reasoned that the baseline assumption must be that the Tucker Act covers any suit for monetary damages against the United States that is based on a Federal statute, unless the statute provides a complete remedial scheme *and* identifies a *specific* forum other than the Court of Federal Claims. The Court thus determined that, pursuant to the Tucker Act, the Court of Federal

Claims qualifies as a Federal court of competent jurisdiction under the FLSA. This reasoning conflicts with *Bormes*.

The *Abbey* Court's exclusive reliance on the presence of the term "district courts" in the FCRA is misplaced because that difference does not materially affect the specificity of the remedial scheme provided by the FLSA, including the EPA. The FLSA sets forth an exhaustive remedial scheme, just like the FCRA. *See, e.g.*, 29 U.S.C. §§ 216, 255. As a part of that remedial scheme, it provides that suit may be brought in "any Federal or State court of competent jurisdiction." 29 U.S.C. § 216(b); *compare with* the FCRA, 15 U.S.C. § 1681p (granting jurisdiction to "any appropriate United States district court, without regard to amount in controversy, *or in any other court of competent jurisdiction*" (emphasis supplied)). As written, there is no gap in the FLSA for the Tucker Act to fill. The remedies are defined and appropriate venues are identified.

In *Abbey*, the Court reasoned that Congress silently "incorporated" Tucker Act jurisdiction into the FLSA because it provided for venue in a Federal court of competent jurisdiction; and because the Tucker Act provides the Court of Federal Claims with jurisdiction over monetary suits against the United States, the Court of Federal Claims qualified as a court of competent jurisdiction. 745 F.3d at 1370. The Court relied on its prior decision in *Zumerling* and the determination that a court must look outside the FLSA to determine the appropriate court for an action

17

against the United States.  *Id.* at 1371 (citing *Zumerling v. Devine*, 769 F.2d 745, 748–49 (Fed. Cir. 1985)).  But that reasoning is not sustainable following *Bormes*.

*Bormes* confirms that, when a statute includes a full remedial scheme, then the statute defines its application, including the question of venue, and the general gap-filling provisions of the Tucker Act are displaced.  568 U.S. at 13 ("[The Court has] consistently held that statutory schemes with their own remedial framework exclude alternative relief under the general terms of the Tucker Act."); *see also Maine Community Health Options v. United States,* 140 S. Ct. 1308, 1327-28 (2020) (confirming that Tucker Act jurisdiction is not implicated or available, indeed is displaced, when the applicable statue that creates the liability contains its own provision for judicial review); *Horne v. Dep't of Agric.*, 569 U.S. 513, 526–27 (2013) ("To determine whether a statutory scheme displaces Tucker Act jurisdiction, a court must 'examin[e] the purpose of the [statute], the entirety of its text, and the structure of review that it establishes.'" (quoting *United States v. Fausto*, 484 U.S. 439, 444 (1988))).  Under *Bormes*, there is no basis to look outside the FLSA for the venue with jurisdiction over the claim—the statute identifies the venue as a part of its complete remedial scheme:  a Federal or state court of competent jurisdiction.

Indeed, just as in *Bormes*, the FLSA contains a full remedial scheme.  In *Bormes*, the Supreme Court observed that FCRA's broad scheme creates a cause of

18

action, imposes a statute of limitations, and provides for subject matter jurisdiction. *Bormes*, 568 U.S. at 15 (citing 15 U.S.C. §§ 1681n, 1681o, 1681p). The FLSA, likewise, creates a cause of action against the Federal Government for money damages. 29 U.S.C. §§ 203(d), (x), 216(b). The FLSA has its own statute of limitations, separate and apart from the Tucker Act's statute of limitations. *Id*. § 255(a) (2-year statute of limitations for violations, 3-year statute of limitations for willful violations); *compare* 28 U.S.C. § 2501 (6-year Tucker Act statute of limitations). Both FCRA and FLSA provide for the payment of attorney fees. *See* 15 U.S.C. § 1681n(a)(3); 29 U.S.C. § 216(b). And, as discussed throughout this brief, the FLSA expressly allows for jurisdiction in "any Federal or State court of competent jurisdiction." 29 U.S.C. § 216(b). The simple lack of the words "district court" does not render such a scheme incomplete, requiring resort to the Tucker Act. The FLSA "creates a detailed remedial scheme" that permits plaintiffs to recover money damages "[w]ithout resort to the Tucker Act." *Bormes*, 568 U.S. at 15.

The identification of a "court of competent jurisdiction" as the proper venue for a case *arising under* a Federal statute is sufficient to implicate the long-standing jurisdiction of the district courts over civil actions "arising under" a Federal law. *See* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of

19

the United States."). Equally, given the parameters that *Bormes* places on the applicability of the Tucker Act, the use of the common legislative phrase "court of competent jurisdiction" in the EPA cannot be read to suppress Federal question jurisdiction in favor of the gap-filling jurisdiction of the Tucker Act. If Congress wanted to be that specific, then it could have identified the Court of Federal Claims either by name or by reference to the Tucker Act.

C.      **In *Metzinger*, This Court Mistakenly Compounded Its Errors In *Abbey* By Holding That The Court Of Federal Claims Has Exclusive Jurisdiction Over FLSA Claims Against The Federal Government In Excess Of $10,000.**

While FLSA provides that "[a]n action to recover the liability prescribed . . . may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction," in *Metzinger* this Court determined that Congress had intended for this broad language to limit the fora available for suits against the Federal Government for money damages in excess of $10,000 to the Court of Federal Claims. Even setting aside the textual incongruity of this exclusivity with the plain language of FLSA, this Court's more recent holding is also inconsistent with *Bormes*, and only serves to underscore the analytical flaws in the *Abbey* decision.

Adhering to the basic reasoning of *Abbey*, in *Metzinger*, this Court held that "district courts lack subject matter jurisdiction over FLSA or EPA claims against the [G]overnment for over $10,000," because the Tucker Act is "the only such

source for jurisdiction." 20 F.4th at 784. The Court determined that *Bormes* does not preclude Tucker Act jurisdiction to entertain EPA and FLSA claims. *Id*. at 783-784. Purporting to distinguish FCRA's language at issue in *Bormes*, which provided for claims to be brought in "any appropriate United States district court . . . or in any other court of competent jurisdiction," this Court observed that the FLSA authorizes suit "in any Federal or State court of competent jurisdiction," without mentioning district courts specifically. *Id*. The Court concluded that, unlike the FCRA, the FLSA contains no congressional specification of a non-Tucker Act forum for damages suits that would override the jurisdictional provisions of the Tucker Act. *Id*.

This Court's analysis in *Metzinger*, which focuses upon whether the remedial provisions in the FLSA expressly displace the Tucker Act, remains inconsistent with the approach dictated by the Supreme Court in *Bormes*. The proper question is not whether Congress intended the FLSA to displace the Tucker Act, but rather is whether there is a gap in the FLSA that needs to be filled by the Tucker Act. 568 U.S. at 12. As the Supreme Court explains, the starting point is not to assume Tucker Act jurisdiction and then to consider whether the pertinent substantive statute displaces the Tucker Act. *Id.* Rather, the starting point is the pertinent substantive statute and a determination whether that statute provides a remedial scheme for review. *Id*. at 15-16. If it does, the Tucker Act is unavailable

as a source of jurisdiction. Only if the substantive statute does not provide a remedial scheme should a court then consider whether resort to the Tucker Act is appropriate to fill the gap. *Id*. at 13. The Tucker Act is not the default jurisdictional statute for money claims against the United States but, rather, is the jurisdictional statute of last resort. It comes into play only when a statute that creates a liability against the United States fails to provide a remedy. That is not the case with the FLSA.

The Supreme Court's understanding of the Tucker Act as a jurisdictional source of last resort for money claims against the Federal Government rather than the default jurisdictional choice for such claims is clear from the Supreme Court's description of the Tucker Act as a "gap-filling" measure. *Id*. at 13. Thus, in *Bormes*, no Tucker Act jurisdiction exists for claims pursuant to the FCRA because "[ w]ithout resort to the Tucker Act, FCRA enables claimants to pursue in court the monetary relief contemplated by the statute." *Id*. at 15. Likewise with the FLSA, without resort to the Tucker Act, FLSA claimants, including those claiming against the Government, may pursue in court the relief contemplated by the statute. 29 U.S.C § 216(b).

In *Metzinger*, this Court did not conclude that, absent the Tucker Act, no judicial avenue for FLSA claims against the United States would exist. This Court failed to undertake the analysis required by the Supreme Court or to explain why

22

such omission was justified. Indeed, the cause of action that the FLSA creates against the Federal Government functions in the absence of the Tucker Act. FLSA suits against the Government fit naturally within the district court's general Federal-question jurisdiction under 28 U.S.C. § 1331. Because a remedy exists for FLSA claims against the Federal Government without resort to the Tucker Act, there is no gap for the Tucker Act to fill. The Tucker Act is, therefore, unavailable as a source of jurisdiction.

Nor does the Court reconcile its reading of the law with the plain language of the FLSA. The FLSA broadly provides that "[a]n action to recover . . . may be maintained against any employer (including a public agency) in *any* Federal or State court of competent jurisdiction." As the Supreme Court has repeatedly held, "the word 'any' has an expansive meaning, that is, 'one or some indiscriminately of whatever kind.'" *United States v. Gonzales*, 520 U.S. 1, 5 (1997) (quoting WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 97 (1976)). Nevertheless, in *Metzinger*, this Court grants the Court of Federal Claims exclusive jurisdiction over claims against the Federal Government in excess of $10,000. This exclusivity is inconsistent with the broad language contained in the statute.

Further, although the Court was correct in *Abbey* and *Metzinger* to recognize that the FLSA does not expressly mention the district court, unlike the FCRA (which was the focus of *Bormes*), neither does the FLSA mention the Court of

23

Federal Claims.  Only by presuming that jurisdiction lies under the Tucker Act does this Court can find that the broad language of the FLSA divests the district courts of jurisdiction over such FLSA claims.  This Court fails to confront the question of whether a remedy for FLSA claims against the Federal Government would exist absent the Tucker Act by simply reading an implicit incorporation of the Tucker Act into the FLSA without any direct references to the Tucker Act.

The Supreme Court "has understood the phrase 'court of competent jurisdiction' as a reference to a court with an existing source of subject-matter jurisdiction." *Lightfoot v. Cendant Mortg. Corp.*, 137 S. Ct. 553, 561 (2017). Thus, section 216(b) designates the proper forum as any court with an applicable jurisdictional grant; the most obvious of these grants is Federal Question jurisdiction under 28 U.S.C. § 1331, not the Tucker Act.  FLSA suits are "civil actions arising under the Constitution, laws, or treaties of the United States" within the scope of section 1331.  Indeed, the Supreme Court has recognized that Federal district courts "have original jurisdiction over FLSA claims under 28 U.S.C. § 1331" in the context of private employers.  *Breuer v. Jim's Concrete of Brevard, Inc.*, 538 U.S. 691, 694 (2003). Therefore, as in *Bormes*, the Tucker Act is superfluous to the implementation of FLSA's statutory remedy and unavailable as a source of jurisdiction.[3]

---

[3] Indeed, during oral arguments in *Bormes*, Justice Sotomayor questioned

Indeed, when the FLSA was amended to provide a remedy against the United States, Congress did not choose to craft a separate remedial scheme for claims against the United States.  Prior to the Fair Labor Standards Amendments Act of 1974, Pub. L. No. 93–259, § 6(a), 88 Stat. 55, 58 (1974), no court possessed jurisdiction over FLSA claims against the United States.  However, the FLSA now provides that consent by authorizing suits against a "public agency," 29 U.S.C. § 216(b), which is defined to include "the Government of the United States," *id.* § 203(x).  Plaintiffs, therefore, may pursue claims against the Government under the FLSA's remedial scheme "[w]ithout resort to the Tucker Act."  *Bormes*, 568 U.S. at 15.

Although this Court reasoned in *Abbey* and *Metzinger* that "it is natural to read [section 216(b)] as *implicitly specifying a forum (the Tucker Act forum)* in order to complete the waiver of sovereign immunity.'"  In *Metzinger*, 20 F.4th at 784 (quoting *Abbey*, 745 F.3d at 1370), the court provided no basis for the assumption that Congress implicitly designed the Court of Federal Claims as the universally exclusive proper forum for claims against the Government.  To the contrary, the Supreme Court has recognized that the Court of Federal Claims'

whether (despite the additional language in the FCRA identifying the district court as one judicial forum) there was a difference between the FCRA and the FLSA, both of which include the same language providing for suit to be brought in any Federal or state court of competent jurisdiction.  Tr. of Oral Argument, *Bormes*, 568 U.S. 6 (2012) (No. 11-192), 2012 WL 4506576, at 8.

"jurisdiction is 'exclusive' only to the extent that Congress has not granted any other court authority to hear [those] claims." *Bowen v. Massachusetts*, 487 U.S. 879, 910 n.48 (1988). Nor is there any basis for the Court's assertion that there is a need "to complete the waiver of sovereign immunity" provided by the FLSA, when the FLSA itself contains such waiver. As in *Bormes*, "[w]here a specific statutory scheme provides the accoutrements of a judicial action, the metes and bounds of the liability Congress intended to create can only be divined from the text of the statute itself." 569 U.S. at 13-14. As the Supreme Court confirmed in *Bormes*, the Tucker Act is not available to provide a waiver if the substantive statute provides a remedial scheme but does not provide a waiver of sovereign immunity. *Bormes*, 568 U.S. at 15.

That the Supreme Court in *Bormes* cited its decision in *Nichols v. United States*, 7 Wall. 122 (1869), provides additional support for the conclusion that an implied incorporation of the Tucker Act *cannot* be read into the FLSA. In *Nichols*, the statutory remedy that displaced the Tucker Act did not identify any specific court in which suit could be brought. It provided only that "no suit shall be maintained in any court for the recovery of any tax alleged to have been erroneously or illegally assessed or collected" until certain preconditions for suit had been met and so long as the suit was filed within the specified limitations

period.  Despite the fact that no specific judicial forum was identified, the Supreme

Court did not find an implicit incorporation of the Tucker Act in *Nichols*.

In sum, the FLSA provides a complete remedy for a Federal employee who

wishes to sue the United States for alleged violations of the Act.  Because there is

no gap for the Tucker Act to fill, the Supreme Court's decision in *Bormes*

establishes that the Tucker Act is unavailable as a source of jurisdiction,

notwithstanding this Court's prior precedent.

## IV.    THE DISTRICT COURT HAD FEDERAL QUESTION JURISDICTION OVER MS. STEIN'S EPA CLAIM

Applying the foregoing analysis to this case, the district court erred when it

determined that the Court of Federal Claims has exclusive jurisdiction over

Ms. Stein's EPA claim.  Under *Bormes*, the EPA sets forth a fully articulated

remedial scheme that identifies "any" court of competent jurisdiction as the

appropriate venue to seek judicial remedy.  Under 28 U.S.C. § 1331, the district

courts have original jurisdiction over any civil action arising under a Federal

statute such as the EPA.  The district court has Federal question jurisdiction over

the claim, and therefore, it had no basis to transfer the case "for want of

jurisdiction" to the Court of Federal Claims.  *See* 28 U.S.C. § 1631.

## V.     THIS COURT MAY NOT REVIEW APPELLANT'S CHALLENGE TO THE DISTRICT COURT'S NON-CONTROLLING ASSESSMENT OF WHETHER PLAINTIFF WOULD HAVE FAILED TO STATE A CLAIM

This Court does not possess jurisdiction to review the district court's opinion as to the possible merits of Ms. Stein's official-capacity EPA claim.  Rather, it is well settled that "Courts of Appeals review judgments, not opinions."  *Tesco Corp. v. Nat'l Oilwell Varco, L.P.*, 804 F.3d 1367, 1379 (Fed. Cir. 2015) (citations omitted).  Because the district court's discussion of the 12(b)(6) motion was superfluous to the decision to transfer, this Court should decline to consider Ms. Stein's attempt to raise that issue on her appeal of the transfer.

The district court ordered the transfer of this matter to the Court of Federal Claims based upon the district court's determination that it did not possess subject matter jurisdiction over FLSA claims, and not based upon the district court's view of the merits of Ms. Stein's claim or the inadequacy of her pleadings.  *See* Appx22. Indeed, the statute that the district court relied upon to transfer this matter expressly provides for transfer to cure a purported lack of jurisdiction, not transfer because a claim has no merit.  28 U.S.C. § 1631(transfer for want of jurisdiction).

Although the district court did comment in *dicta* as to whether Ms. Stein had failed to state an official-capacity EPA claim, the district court made clear that this assessment "was *not the controlling basis* for the court's ruling," but rather was included "in anticipation that it would be helpful if the ruling were again appealed

28

to the First Circuit *and that court found it could reach that issue*."  Appx22 (emphasis added); *see also* Appx3 ("*even if this court had subject-matter jurisdiction*, it would dismiss Plaintiff's official capacity EPA claim pursuant to Fed. R. Civ. P. 12(b)(6)" (emphasis added)).  Thus, to the extent that this Court determines that the district court correctly held that it did not possess subject matter jurisdiction, the district court's 12(b)(6) assessment would have no legal effect, *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006), and could not bind the Court of Federal Claims in any transferred matter.  Mere "[a]dverse dicta are not appealable rulings."  *Chathas v. Loc. 134 Int'l Bhd. of Elec. Workers*, 233 F.3d 508, 512 (7th Cir. 2000) (citing *California v. Rooney*, 483 U.S. 307, 311 (1987) (per curiam) (additional citations omitted)).

Further, even if such dicta were controlling, Ms. Stein fails to identify any basis that would permit *this* Court to review the district court's 12(b)(6) language in the first instance.  It is a "well-established principle that federal courts, as opposed to state trial courts of general jurisdiction, are courts of limited jurisdiction marked out by Congress."  *Aldinger v. Howard*, 427 U.S. 1, 15 (1976). Although we agree that this Court possesses jurisdiction to review the order to transfer, pursuant to 28 U.S.C. § 1292(d)(4)(A), and that this Court may possesses jurisdiction to entertain certain appeals from a final order of the district court in certain specified instances (such as patent matters), *see* 28 U.S.C. § 1295, this

29

appeal does not fall into any of these categories.  Instead, the Court of Appeals for the First Circuit, not this Court, would possess jurisdiction to review an appeal from any final decision of the United States District Court for the District of Massachusetts as to the merits of Ms. Stein's claim.  28 U.S.C. § 1291.

## **CONCLUSION**

For these reasons, we respectfully request that the Court grant Ms. Stein's petition and remand this case to the United States District Court for the District of Massachusetts, to exercise jurisdiction to hear Ms. Stein's official-capacity EPA claim.

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

PATRICIA M. McCARTHY
Director

/s/ Reginald T. Blades, Jr.
REGINALD T. BLADES, JR.
Assistant Director

/s/ Steven Michael Mager

STEVEN MICHAEL MAGER
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
PO Box 480
Ben Franklin Station
Washington, DC 20044
Tel: (202) 307-0252
Fax: (202) 353-0461
steven.mager@usdoj.gov

February 21, 2023                    Attorneys for Defendant-Appellee

**FORM 19. Certificate of Compliance with Type-Volume Limitations**

Form 19
July 2020

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## <u>CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATIONS</u>

**Case Number:** <u>2023-1265</u>

**Short Case Caption:** <u>Stein v. Gill</u>

> **Instructions:** When computing a word, line, or page count, you may exclude any items listed as exempted under Fed. R. App. P. 5(c), Fed. R. App. P. 21(d), Fed. R. App. P. 27(d)(2), Fed. R. App. P. 32(f), or Fed. Cir. R. 32(b)(2).

The foregoing filing complies with the relevant type-volume limitation of the Federal Rules of Appellate Procedure and Federal Circuit Rules because it meets one of the following:

☑     the filing has been prepared using a proportionally-spaced typeface and includes <u>7017</u> words.

☐     the filing has been prepared using a monospaced typeface and includes _____ lines of text.

☐     the filing contains _____ pages / _____ words / _____ lines of text, which does not exceed the maximum authorized by this court's order (ECF No. _____).

Date: <u>02/21/2023</u>

Signature: /s/ Steven M. Mager
<u> </u>

Name: Steven M. Mager
<u> </u>

Save for Filing